NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

APR 15 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DERIK NATHANIEL WALKER,<br><br>Plaintiff - Appellant,<br><br>v.<br><br>E. ARNOLD; J. LEE; KEVIN FOX; ANTHONY THOMAS,<br><br>Defendants - Appellees. | No. 23-1375<br><br>D.C. No.<br>2:19-cv-00185-TLN-AC<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Eastern District of California
Troy L. Nunley, District Judge, Presiding

Submitted April 15, 2026[**]

Before: O'SCANNLAIN, SILVERMAN, and N.R. SMITH, Circuit Judges

California state prisoner Derik Walker appeals pro se the district court's dismissal with prejudice of his 42 U.S.C. § 1983 action arising from prison disciplinary proceedings and an ensuing criminal prosecution. We affirm.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

The district court properly dismissed Walker's Fourth Amendment claim against Correctional Officer Nixon because Walker failed to allege facts showing that the strip and body cavity searches which Nixon performed were excessive, or unrelated to a legitimate penological interest. *See Michenfelder v. Summer*, 860 F.2d 328, 332 (9th Cir. 1988) (explaining that strip searches of prisoners, unless "excessive, vindictive, harassing, or unrelated to any legitimate penological interest" are generally permitted); *see also Bell v. Wolfish*, 441 U.S. 520, 558 (1978) (holding that in the prison context, visual body cavity searches do not violate the Fourth Amendment).

The district court properly dismissed Walker's Eighth Amendment claims against Nixon and Lieutenant Lee, premised on Walker's placement in administrative segregation, because Walker failed to allege facts regarding that placement which would rise to the level of a constitutional deprivation. *See Anderson v. County of Kern*, 45 F.3d 1310, 1316 (9th Cir. 1995) (rejecting Eighth Amendment claim based on placement in administrative segregation because such segregation "is within the terms of confinement ordinarily contemplated by a sentence").

The district court properly dismissed Walker's due process claim against Lee because Walker failed to allege facts showing that Lee acted in a manner rising to the level of a constitutional deprivation. *See Wolff v. McDonnell*, 418 U.S.

539, 566 (1974) (explaining that, at a prison disciplinary hearing, witness testimony may be prohibited when allowing it would interfere with institutional security); *Zimmerlee v. Keeney*, 831 F.2d 183, 186 (9th Cir. 1987) (explaining that "some evidence" is all that is constitutionally required to support a guilty finding in the prison context).

The district court properly dismissed Walker's claims against Warden Arnold because Walker failed to allege facts showing any acts or omissions by Arnold constituting a constitutional violation. *See Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982) (explaining that "[v]ague and conclusory allegations of official participation" alone do not establish a civil rights violation).

The district court properly dismissed Walker's claims against the Solano County Sheriff's Department because Walker failed to allege facts giving rise to municipal liability. *See Rivera v. County of Los Angeles*, 745 F.3d 384, 389 (9th Cir. 2014) (explaining that municipal sheriff's departments are liable under § 1983 only if they implement or execute an unconstitutional "policy statement, ordinance, regulation, or decision officially adopted and promulgated by [their] officers").

The district court properly dismissed Walker's First Amendment retaliation claim against Fox, because Walker failed to allege facts showing that Fox took adverse action against him based upon his protected conduct. *See Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) (describing the elements of a First

Amendment retaliation claim); *U.S. v. Paguio,* 114 F.3d 928, 930 (9th Cir. 1997) (finding that an inmate's refusal to "snitch" is not constitutionally protected).

The district court properly dismissed Walker's Eighth Amendment claim against Fox relating to Walker's confinement during a pending investigation into prisoner misconduct. Walker alleged that Fox placed him in a small holding cell for five and a half hours without a bathroom or a meal. The district court dismissed this claim because Walker failed to allege any facts showing a deprivation by Fox rising to the level of an Eighth Amendment violation. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (explaining that to violate the Eighth Amendment, a deprivation must be objectively "sufficiently serious"); *see also Anderson v. County of Kern*, 45 F.3d 1310, 1313-15 (9th Cir. 1995) (finding that neither "small, dark, dingy, and scary" holding cells nor temporary unsanitary conditions violate the Eighth Amendment); *LeMaire v. Maass*, 12 F.3d 1444, 1456 (9th Cir. 1993) ("The Eighth Amendment requires only that prisoners receive food that is adequate to maintain health[.]").

The district court did not abuse its discretion in dismissing Walker's complaint with prejudice because the complaint's defects could not be cured by the allegation of additional facts. *See Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011) (setting forth standard of review and explaining that leave to amend may be denied when amendment would be futile); *Metzler Inv.*

*GMBH v. Corinthian Colls., Inc.*, 540 F.3d 1049, 1072 (9th Cir. 2008) (explaining that "the district court's discretion to deny leave to amend is particularly broad where plaintiff has previously amended the complaint" (citation and internal quotation marks omitted)).

**AFFIRMED.**